STATE *ex rel.* FONTAINE *v.* ANDERSON.

(Division B. Nov. 26, 1923.)

[97. So. 884. No. 23675.]

1. QUO WARRANTO. *Information to oust officer should be filed in county where duties performed.*

In *quo warranto* proceedings against an alleged officer, the information should be filed in the circuit court of the county where the duties of the office are performed.

2. QUO WARRANTO. *Proceedings properly instituted against county election commissioners in county where they held meetings.*

Where the members of the board of county election commissioners in a county having two judicial districts are in the habit of meeting at the courthouse in the second judicial district for the performance of the duties of their office, *quo warranto* proceedings may be instituted in that district, though the defendant resides in the other judicial district of the county.

APPEAL from circuit court of Coahoma county, Second District.

HON. W. A. ALCORN, JR., Judge.

*Quo warranto* by the state of Mississippi, on the relation of E. L. Fontaine, against E. L. Anderson. Judgment of dismissal, and relator appeals. Reversed and remanded.

*Maynard, Fitzgerald & Venable,* for appellant.

The sole question in this case is this: A *quo warranto* has been brought against E. L. Anderson, alleging that he usurps the office of election commissioner of Coahoma county, Mississippi. The petition was brought in the second court district of Coahoma county, Mississippi. The usurper lives in the first court district of Coahoma county, but exercises the functions of his office and acts as such election commissioner solely and alone in Clarksdale

in the second court district of Coahoma county, Mississippi.

It has been decided by this court in the case of *State* v. *The Mississippi Cotton Oil Company,* 79 Miss. 203, that the *quo warranto* chapter is separate and apart from any other jurisdictional acts of the legislature and that it is governed solely and alone by the venue, as laid down in said chapter.

The only case directly bearing upon the question of venue in *quo warranto* proceedings in the state of Mississippi, which we have been able to find is the case above cited, *State of Mississippi* v. *Mississippi Cotton Oil Company,* 79 Miss. 203. That was a case in which the attorney-general brought suit in *quo warranto* against a number of oil mills, some of whom had agents in the county of Hinds, other who did not; a number of whom were domiciled in the state of Mississippi, in different counties, and a number of whom were non-residents of the state with principal places of business in other counties of the state than Hinds. It seems to have been conceded in the case by all of the parties that as to the oil mills who were doing business in the county of Hinds and had agents there, the suit was properly brought; but that as to the other defendants the suit should have been filed in the county of the domicile of the corporation or where it had a place of business and an agent.

In this case, we do not know what the statute meant other than expressed by the English language when it said that suit should be brought "or, in the case of an officer, where he acts as such." It is not a question of convenience; it is not a question of residence; it is not a question of common law or equity; but a purely statutory remedy brought according to the terms of the statute at the place where the officer acts. The court itself can construe these plain English words without our help as well as if we would write a brief of interminable length.

Sept., 1923] State ex rel. Fontaine *v.* Anderson.    535

133 Miss.]    ·    Brief for appellee.

Of course, it cannot be disputed that under chapter 93, section 13, of the Acts of 1892, the court should never have dismissed this cause anyway, but if he was correct in the law that it was filed in the wrong district he should have transferred it to the first district. This is squarely decided in the case of *Hurlbutt* v. *Westbrook,* 111 Miss. 643.

*Sam C. Cook, Jr., W. B. Miller, J. H. O'Neal, J. J. Adams, J. J. Adams, Jr., Earl Brewer, Ed Brewer, J. L. Roberson, E. M. Yerger, E. F. Whittington, J. W. Cutrer, E. W. Smith,* and *W. T. Covington, Jr.,* for appellee.

The sole question presented to this court is whether or not the court below had jurisdiction of the action. Section 3013 of Hemingway's Code, provides that the information shall be filed in the circuit court of the county of the residence of the defendant. The information shows that the defendant is a citizen, and, in order to be a citizen, he must be a resident of the first judicial district of Coahoma county, Mississippi.

Chapter 93, section 13 of the Acts of 1892, provides that in so far as the bringing or filing of civil actions is concerned, that the two judicial districts of Coahoma county shall be treated as two separate counties. It is therefore patent that the circuit court of the second judicial district of Coahoma county, Mississippi, would have no more jurisdiction of this action than the circuit court of Quitman county would have.

In the case of the *State of Mississippi* v. *The Mississippi Cotton Oil Company,* 79 Miss. 203, the court said: "In *quo warranto* the venue is specifically provided for by section 3521, and no provision is made, as might have been made, for the case of joint proceedings against several defendants. Jurisdiction is dependent on venue. The court has decided what is obvious, that in special proceedings where the place and the court for them are prescribed, the general law as to place and jurisdiction does not apply."

As pointed out by the court in the case of *Hurlbutt* v. *Westbrook,* 111 Miss. 643, the provisions in the Laws of 1892 are analogous to our general statute relating to venue generally.   The court in the *State of Mississippi* v. *Mississippi Cotton Oil Company, supra,* defines the character of the action of *quo warranto* as a special proceeding, and points out that it is not controlled by the general provisions of law with reference to venue.

SYKES, P. J., delivered the opinion of the court.

*Quo warranto* proceedings were instituted by the district attorney, on the relation of the appellant, Fontaine, against the appellee, Anderson.   The material averments in the petition are that Fontaine was duly appointed an election commissioner for Coahoma county by the state board of election commissioners, and has qualified by taking oath of office before the chancery clerk, but that the appellee, Anderson, wrongfully and unlawfully has usurped and is now performing the duties of this office.   Proceedings were filed in the second district of Coahoma county.   The petition alleges that the appellee, Anderson, is a resident of the First judicial district of the county. Coahoma county is divided into two circuit court districts. The appellee, Anderson, moved to dismiss the petition because it was not brought in the district of his residence. The appellant asked leave to amend this petition, and insert therein that the appellee, Anderson, was illegally performing the duties of election commissioner in the Second judicial district of Coahoma county.   This motion was overruled.   The appellant also offered to prove by witnesses that the election commissioners for many years past always held their meetings and performed the duties of their office at Clarksdale, in the Second judicial district of the county.   The court excluded this testimony and dismissed the petition, from which judgment this appeal is prosecuted.

Sept., 1923] State ex rel. Fontaine v. Anderson.    537

133 Miss.]          .      Opinion of the court.

Section 6742, Hemingway's Code (section 4108, Code of 1906), provides for the appointment of county election commissioners, and expressly makes these commissioners conservators of the peace in their respective counties. Section 6764, Hemingway's Code (section 4130, Code of 1906), provides that the county election commissioners shall meet at the courthouse of their county at certain stated times for the transaction of business and provides what duties they are to perform. Under these statutes, in counties having two separate court districts, the county election commissioners could perhaps hold their meetings at either courthouse, as they should desire. Under these statutes they are the election commissioner for both judicial districts of the county; they can perform their duties at the courthouse of either district.

Section 3013, Hemingway's Code (section 4018, Code of 1906), which governs the venue in *quo warranto* proceedings, reads as follows:

"The proceedings in such cases shall be by information, in the name of the state, by the attorney-general or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, on the relation of the claimant thereof. The information shall be filed in the circuit court of the county of the residence of the defendant; or, in the case of an officer, where he acts as such; or, in case of a corporation or pretended corporation, where its principal office or place of business may be or where it may transact any business and has an agent; or, in case of an alien or corporation acquiring or holding land contrary to law, where any of the land is situated."

In this section it is expressly provided that in the case of an officer the information shall be filed in the circuit court of the county "where he acts as such." The residence of the defendant does not determine the venue when he is an officer, but the venue of a proceeding against a usurping officer is the place where he performs or attempts to perform the duties of an office. In this case the appel-

lant should have been permitted to amend his petition as requested. He should also have been permitted to prove that the appellee was attempting to perform the duties of this office at Clarksdale, in the Second judicial district of the county. While this proof could have been made without the amendment, it is perhaps better practice for the petition to allege this fact. The court erred in sustaining the motion to dismiss.

*Reversed and remanded.*